## EL PUEBLO *v.* SALINAS.

### APELACIÓN procedente de la Corte de Distrito de Guayama.

No. 26.   Resuelto en Noviembre 9, 1905.

ACUSACIÓN.—PRESENTACIÓN.—SOBRESEIMIENTO.—Para que las disposiciones del art. 448 del Código de Enjuiciamiento Criminal puedan tener aplicación, es indispensable que desde la detención del acusado, hasta la presentación de la acusación hubiere transcurrido, injustificadamente, el término de sesenta días.

PRUEBAS.—PREGUNTAS IMPERTINENTES.—TESTIMONIO DE REFERENCIA.—No comete error el Tribunal que rechaza como impertinente una pregunta hecha por el abogado de la defensa á un testigo, al efecto de si él sabía si el acusado había sido procesado alguna otra vez, así como otras preguntas que, por no versar sobre materias del conocimiento personal del testigo, tengan el carácter de *referencia.*

ID.—INFORMACIÓN PREVIA DEL FISCAL.—La información que hace el Fiscal con anterioridad á la presentación de la acusación, no tiene más objeto que adquirir elementos suficientes para preparar y fundar la acusación, y las manifestaciones que ante él hubieren hecho los testigos, no pueden presentarse como pruebas, sino en casos especiales.

INSTRUCCIONES DE LA CORTE.—DISCRECIÓN DE LA CORTE CON RESPECTO Á LOS INFORMES DE LOS LETRADOS.—Es función del Tribunal instruir al jurado sobre todos los asuntos de derecho necesarios para su información, pudiendo las partes utilizar los recursos legales cuando dichas instrucciones fueren contrarias á ley, y siendo esto así, no incurre en error, ni coarta los derechos de la defensa, la Corte que impide al Letrado que lea al jurado ciertos casos resueltos por otros Tribunales y que explique el alcance de tales resoluciones.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. Rossy, Fiscal.*

La parte apelante no compareció.

EL JUEZ ASOCIADO SR. HERNÁNDEZ, emitió la opinión del tribunal.

El presente caso es un recurso de apelación interpuesto por Angel María Salinas contra sentencia de la Corte de Distrito de Guayama que en juicio por jurado le condenó en 25 de marzo último, como culpable del delito de asesinato en primer grado con circunstancias atenuantes, á la pena de reclusión perpetua en el Presidio Departamental de esta isla.

La acusación que dió origen al juicio, aparece concebida en los términos siguientes:

"En el nombre y por la autoridad de "El Pueblo de Puerto Rico."—Estados Unidos de América. El Presidente de los Estados Unidos. SS.—El Pueblo de Puerto Rico contra Angel María Salinas.—En la Corte de Distrito de Guayama á siete de Febrero de 1905. El Fiscal formula acusación contra Angel María Salinas, por el delito de asesinato en primer grado, comprendido en el artículo 201 del Código Penal vigente, cometido como sigue: En el barrio de Yaurel de Arroyo, de esta jurisdicción y término judicial, el día 24 enero de 1905, Angel María Salinas, deliberadamente y con premeditación y malicia, sorprendió y atacó á su esposa Gumersinda Amaro, con un cuchillo, le infirió tres puñaladas por la espalda que le atravesaron los pulmones y le produjeron la muerte instantáneamente. Este hecho es contrario á la ley para tal caso prevista y á la paz y dignidad del Pueblo de Puerto Rico.—Ramón Nadal, Fiscal del Distrito.—La acusación que antecede está basada en el testimonio de testigos examinados bajo juramento, ante mí, creyendo solemnemente que existe justa causa para presentarla al Tribunal.—Ramón Nadal, Fiscal del Distrito.—Jurada y firmada ante mí, hoy día 17 de febrero de 1905.—Francisco Morales, Secretario del Tribunal de Distrito de Guayama."

El reo negó dicha acusación y celebrado el juicio ante jurado, se practicaron las pruebas propuestas por ambas partes, y después de los informes orales y de haber dado la Corte sus instrucciones al jurado sobre las cuestiones de derecho aplicables al caso, el jurado dió su veredicto declarando culpable á Angel María Salinas de asesinato en primer grado con circunstancias atenuantes, no habiéndose alegado causa alguna que impidiera el pronunciamiento de la sentencia, la que fué dictada en los términos que se dejan expuestos.

Durante la celebración del juicio el abogado del acusado tomó varias excepciones que fueron consignadas en el correspondiente pliego aprobado por el juez, cuyo pliego dice así:

"El Pueblo de Puerto Rico vs. Angel María Salinas.—Sépase: Que

el día 23 de marzo del corriente año de 1905, se celebró el juicio contra el acusado, por el delito de asesinato en primer grado, ante un Jurado, y siendo el Juez de derecho el Hon. Juez de esta Corte, Charles E. Foote, y en el trámite de dicho juicio el abogado José A. Poventud, tomó excepción de lo siguiente: 1o. Antes de comenzar el juicio, y después de leída la acusación, el abogado del acusado presentó moción oral á la Corte solicitando de ésta la absolución perentoria del reo, basando dicha petición en lo preceptuado en el artículo 70 del Código de Enjuiciamiento Criminal vigente, toda vez que dicha acusación fué presentada por el Fiscal el 17 de febrero de 1905, y el arresto del acusado se verificó en Ponce por dicha causa el día 26 de enero del propio año, teniendo lugar la reclusión del reo en la cárcel de Guayama el día 27 de enero de dicho año; la Corte declaró sin lugar la moción. El abogado del acusado tomó excepción de la resolución de la Corte.— 2o. Al declarar el testigo Juan Amaro, testigo de cargo en este juicio, el letrado le preguntó si él sabía que el acusado hubiese sido procesado alguna vez, á cuya pregunta se opuso el Fiscal. Esta pregunta fué declarada impertinente por la Corte, y el abogado del acusado tomó excepción de esta resolución.—3o. Siguiendo el curso de la declaración de los testigos, al comparecer Juan Martínez, dependiente de una Ferretería, acerca de un cuchillo, el Fiscal interroga: ¿á quién vendió el cuchillo el testigo? El abogado se opuso á esta pregunta, la que la Corte declaró pertinente.—4o. El abogado de la defensa, hace al teniente Guanil la pregunta siguiente: ¿Después que estuvo el acusado Angel María Salinas, en el cuartel de la Policía, fué que le manifestaron algo sobre su esposa? A lo que contestó el testigo, que él estaba conversando con el acusado, cuando llegó el capitán Silen y le preguntó por qué él había matado á su esposa . El Fiscal se opone á estas manifestaciones. La Corte las declara impertinentes. El letrado del acusado tomó excepción de esta decisión. El letrado de la defensa presentó la siguiente moción oral: Solicito de la Corte que ordene al Sr. Fiscal producir ciertas declaraciones juradas tomadas por él en la instrucción de esta causa. La Corte negó dicha petición. El abogado del acusado tomó excepción. Casi al terminar su informe, el letrado defensor, intentó leer á la Corte y á los Sres. del Jurado, dos casos que tuvieron lugar en la Corte de Mississipi, y explicar las resoluciones en los casos indicados. La Corte se opuso á la lectura, y el letrado del acusado tomó excepción de dicha resolución. Y en nombre del compañero Poventud: suplico á esta Hon. Corte, que una vez pre-

sentado este pliego de excepciones tomadas de una copia de las mismas certificada por el estenógrafo de esta Corte, se sirva admitirlas y firmarlas para la agregación á los autos, y sirvan de uso en la apelación de este juicio.—Guayama, P. R., Abril 3, de 1905.—Domínguez, Abogado de Angel María Salinas.—Yo, Charles E. Foote: *Certifico*: que las preguntas, resoluciones y excepciones tomadas que se consignan en el presente pliego de excepciones, fueron las que en realidad se hicieron, resolvieron y excepcionaron, y en su virtud, apruebo este pliego de excepciones.—Guayama, Abril 6 de 1905.—Charles E. Foote, Juez Corte Distrito de Guayama.''

Aunque Salinas no ha comparecido ante esta Corte Suprema á sostener esas excepciones, las examinaremos para apreciar la eficacia legal de las mismas en la decisión del presente recurso.

Esas excepciones fueron seis, según revela el pliego transcrito.

La primera excepción es de desestimarse, ya porque si bien consta que la acusación fué presentada por el fiscal en 17 de febrero del año corriente, no aparece justificada la alegación de que el arresto se verificara en 26 del mes anterior, ya porque aún en el supuesto de que la acusación no hubiera sido presentada al Tribunal dentro de los veinte días siguientes á su prisión, según previene el artículo 70 del Código de Enjuiciamiento Criminal, bajo concepto alguno procedería la aplicación del artículo 448 del mismo Código, que exige para decretar el sobreseimiento el transcurso injustificado de sesenta días desde la detención del acusado hasta la presentación de la acusación.

En cuanto á la excepciones segunda, tercera y cuarta, la Corte de Distrito de Guayama procedió con arreglo á derecho al declarar impertinente la pregunta hecha por la defensa al testigo Juan Amaro, pertinente la hecha por el fiscal al testigo Juan Martínez, é impertinentes las manifestaciones del teniente Guanil, pues la primera pregunta, según se hizo, no era de influencia en el resul-

tado final del juicio, la segunda tendía al esclarecimiento de la culpabilidad del acusado, y las manifestaciones del teniente Guanil, como de referencía, no podían ser admitidas.

La quinta excepción también es improcedente, pues la defensa del acusado no podía pretender, en la forma en que lo hizo, que vinieran al juicio.las declaraciones juradas que hubieran podido servir de base á la acusación.

Los testigos deben declarar en el acto del juicio, y las manifestaciones que hubieren hecho fuera de él sólo pueden utilizarse en casos especiales, no teniendo más objeto y fin la información previa del fiscal que preparar y fundar la acusación.

Finalmente, como al juez de derecho incumbe la dirección del juicio á su discreción queda impedir la prolongación excesiva de las alegaciones de los abogados de las partes, y no puede decirse que el juez de Guayama coartara los derechos de la defensa al impedir que su letrado leyera á la Corte y al jurado casos ocurridos en la Corte de Mississipi y explicar las resoluciones recaídas en esos casos. Es función del Tribunal y no de los abogados instruir al jurado sobre todos los puntos de derecho necesarios para su información, según el artículo 266 del Código de Enjuiciamiento Criminal, y aún después de estar deliberando, si necesitaren más amplia instrucción, ésta, les será dada por el propio juez de derecho, según el artículo 275 del mismo Código, pudiendo la parte agraviada utilizar los recursos que le asistan en el caso de que dichas instrucciones sean contrarias á la ley.

Tampoco encontramos que el acusado haya sido privado de derecho alguno sustancial.

Entendemos, pues, que el fallo recurrido se ajusta á derecho y debe confirmarse, con las costas del recurso á.cargo de la parte apelante.

*Confirmada.*

Jueces concurrentes: Sres Presidente Quiñones y Asociados, Figueras, MacLeary y Wolf.